**UNITED STATES of America, Petitioner–Appellant,**

v.

**Roger S. BASKES, Defendant–Appellee.**

**No. 79–1774.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 15, 1980.

Decided Oct. 23, 1980.

Certiorari Denied Feb. 23, 1981.
See 101 S.Ct. 1368.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., M. Carr Ferguson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for petitioner–appellant.

Theodore A. Sinars, Chicago, Ill., Harvey M. Silets, Silets & Martin, Ltd, Chicago, Ill., for defendant–appellee.

Before FAIRCHILD, Chief Judge, CUMMINGS and BAUER, Circuit Judges.

PER CURIAM.

This court entered an order on August 6, 1980, directing the defendant to show cause why the order appealed from should not be summarily reversed and remanded in light of *United States v. Payner*, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980). The district court had exercised its supervisory power to suppress evidence tainted by the Government's violation of the Fourth Amendment rights of third parties and set aside the jury's verdict finding the defendant guilty of conspiracy to defraud the United States and of violation of the Internal Revenue laws. During the pendency of this appeal, the Supreme Court, in *Payner*, reversed a similar suppression order arising out of the identical search and seizure at issue in the present case. The district court had refused to ground its order on the theory that the use against defendant of evidence acquired as a result of the unlawful activity was a denial of due process. Defendant argued in its brief on appeal that the refusal was error, and that the due process theory was an alternative ground for affirmance. In response to our order to show cause, defendant maintains that his due process theory survives *Payner*. We disagree.

Although the due process issue was not raised in the petition for *certiorari* in *Payner* (presumably because the court of appeals did not decide that question), it had been considered by the district court, which had alternatively grounded its suppression order on that rationale, and was apparently briefed and argued before both the court of appeals and the Supreme Court. The unambiguous language of Justice Powell's majority opinion (447 U.S. at 737 n.9, 100 S.Ct. at 2447 n.9, 65 L.Ed.2d 468) and the majority's implicit rejection of the dissenters' preference (447 U.S. at 749 n.15, 100 S.Ct. at 2453 n.15, 65 L.Ed.2d 468 (Marshall, J., *dissenting*)) that the case be remanded to the court of appeals for consideration of the due process issue leave no doubt that a majority of the justices considered the question properly before the Court and decided it adversely to Payner. That being so, the position of the Supreme Court is clear:

"even if . . . the unlawful briefcase search was so outrageous as to offend fundamental ' "canons of decency and fairness," ' . . ., the fact remains that '[t]he limitations of the Due Process Clause . . . come into play only when the Government activity in question violates some protected right of the *defendant'* " (447 U.S. at 737 n.9, 100 S.Ct. at 2447 n.9, 65 L.Ed.2d 468) (citations omitted; emphasis in original). We deem oral argument unnecessary. Because the defendant cannot show that his rights were violated by the Government activity, indeed, because the present case is indistinguishable from *Payner*, the order appealed from is reversed and the case remanded to the district court for further proceedings.

REVERSED AND REMANDED.